## UNITED STATES

v.

Private First Class Tommy L. HINTON, 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, US Army, 598th Light Maintenance Company, 67th Maintenance Battalion (DS), Fort Benning, Georgia.

SPCM 11876.

U. S. Army Court of Military Review.

Sentence Adjudged 29 Oct. 1975.

Decided 23 Dec. 1976.

Appellate Counsel for the Accused: CPT John Richards Lee, JAGC; CPT John C. Carr, JAGC; MAJ Joe D. Miller, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT William C. Kirk, JAGC; COL Thomas H. Davis, JAGC.

Before CLAUSE, DONAHUE and COSTELLO, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Contrary to his pleas, appellant was found guilty by a BCD special court-martial of one charge of assault and one of aggravated assault, both under Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928. The approved sentence is set out above.

Appellant's principal assertion before us is that he was denied military due process of law by the intrusion of unlawful com-

mand influence into the pretrial proceedings. Our disposition of that issue moots appellant's other assignments of error. We find that there was error in the pretrial proceedings, but that it was not precisely the one identified by appellant; further it was not so egregious as that type of error usually styled a denial of due process. We find further that the posture of this case permits us to grant precise relief at this level, as stated below.

The facts here are in dispute, so we make the following findings from the record. During the sentencing phase of the trial Captain Winn, appellant's immediate commander, testified as a defense witness in extenuation and mitigation. In the course of that testimony he said that his first intention was to recommend trial of appellant by summary court-martial. When faced with the disparity between his trial testimony and his actual pretrial recommendation for trial by general court-martial with a bad-conduct discharge, Captain Winn explained that his recommendation of record was the result of a direction by the battalion commander. Although he recognized that he had failed initially to consider certain aggravating circumstances pointed out to him by the battalion commander, circumstances he admitted made the case more serious, he never deviated from his position that his final recommendation was one which had been required of him.

 Captain Winn's testimony that he was ordered to change his planned, personal recommendation is strongly disputed by an affidavit of the battalion commander offered on appeal by government counsel.[1] We need not determine whether or not Captain Winn was in fact compelled to recommend a general court-martial, for even if his beliefs about his commander's desires were totally unfounded, it is clear that his recommendation was one he did not believe in and externally induced from his point of view. It was this perception of Captain Winn's which deprived the appellant of the more favorable recommendation for trial by summary court-martial his immediate commander intended.

Appellant's principal argument is that the battalion commander thus "usurped" the discretion a company commander is supposed to exercise in deciding how to dispose of a case, *citing* paragraph 32, Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM 1969 (Rev)); *United States v. Hawthorne*, 7 U.S.C.M.A. 293, 22 C.M.R. 83 (1956); *United States v. Rivera*, 45 C.M.R. 582 (A.C.M.R.1972); *United States v. Wharton*, 33 C.M.R. 729 (A.F.B.R. 1963); *pet. den'd* 33 C.M.R. 436; *United States v. Charleson*, 26 C.M.R. 630 (A.B.R. 1958), and one unpublished opinion of this Court.[2] In *Hawthorne* a published directive persuaded a company commander that a recommendation for trial by general court-martial in the type of case before him ("RA" recidivists) was the only course of action open to him. Thus, the accused was deprived of his chance that the immediate commander might use his powers under paragraph 32 of the *Manual* to dispose of the charges by dismissal, administrative action or non-judicial punishment. *Rivera* and *Charleson* involved the same issue as *Hawthorne*, but *Wharton* approved the action of a superior commander who repudiated a subordinate's non-judicial punishment and ordered trial himself.

 Thus, this case differs in material respects from those cited. The company commander here had exercised his independent discretion and rejected all non-judicial

---

1. We have accepted the filing of this affidavit, but have not utilized it in making our disposition. Acceptance of this affidavit was necessary. When Captain Winn's trial testimony disclosed the possibility that his discretion was impaired, both the trial judge and prosecutor acted to halt the proceedings and investigate. After a recess trial defense counsel expressed his willingness to proceed, stating "I'm satisfied at this point in time that nothing has oc-

curred that in any way prejudiced by client . . . .." This affirmative action by defense counsel preempted the introduction of any government evidence. *See United States v. Hanna*, 25 U.S.C.M.A. 143, 54 C.M.R. 161, 2 M.J. 69 (1976).

2. That case departed unnecessarily from prior military jurisprudence.

courses of action, even before he learned of the aggravating circumstances in the case. Between him and his superior the only open question was "how much"?, not, "what?" Much of the apparent *Hawthorne* problem disappears with this analysis. On the other hand, the superior commander here did not act on his own authority as in *Wharton*; instead he used the case as a training vehicle, returned it to his subordinate and induced in that subordinate a feeling of coercion concerning the type of court-martial to be recommended. The creation of this persuasion of coercion resulted in error. *Hawthorne, supra; and see United States v. Garcia*, 23 U.S.C.M.A. 403, 50 C.M.R. 285, 1 M.J. 26 (1975); *United States v. Conway*, 20 U.S.C.M.A. 99, 42 C.M.R. 291 (1970).[3]

Although appellant has described the error he identified as a denial of military due process and requested dismissal of the charges or a rehearing, we do not find such dire remedies warranted, especially where, as here, the error is slighter. Even in *Hawthorne*, where a more serious deprivation was involved, the case was returned to the summary court-martial convening authority for new consideration from that stage. The only case listed above to result in dismissal was *Rivera*, but that procedure was adopted there in the interests of practicality, not as a measure of the error.

The remedy in a case like this is to put the appellant where he would have been, absent the error. Recalling Captain Winn's initial reaction and his commander's appraisal, it is clear that a recommendation for trial of this case by summary court-martial never would have been reduced to, for example, non-judicial punishment. If anything, the response by higher authorities would have been, as here, an action to increase the severity of official response. Consequently, a summary court-martial is the least appellant would have received and we can cure the error here by appropriate reduction of the sentence. *Charleson, su-*

*pra; United States v. Sims*, 22 C.M.R. 591 (A.B.R.1956).

Accordingly, the findings of guilty are affirmed. Only so much of the sentence as provides for forfeiture of $240.00 pay, confinement at hard labor for 30 days, and reduction to the grade of Private E–1 is approved.

---

3. Where the superior commander has all the facts he should act on his own authority. *Wharton, supra.* If the investigation is incomplete, he must be able to return it for completion, but extreme care must be exercised in the

treatment of recommendations in the file. Training activities should be separated completely from the processing of cases. *See* paragraph 33, MCM 1969 (Rev).